**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SUSAN LONG,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 25-00480-JB-B** |
| | * | |
| **SETH HEADLEY, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

**ORDER**

This action is before the Court on Defendant Dakota Morgan's motion to quash Plaintiff Susan Long's second alias summons directed to Defendant Huey Hoss Mack for Plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m). (Doc. 58). In response to the motion, Plaintiff details her efforts to serve Mack and advises the Court of her desire to voluntarily dismiss Mack from this action. (Doc. 71). Rule 41(a)(1) permits a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," Fed. R. Civ. P. 41(a)(1)(A)(i), or by filing "a stipulation of dismissal signed by all parties who have appeared," Fed. R. Civ. P. 41(a)(1)(A)(ii). Voluntary dismissal in these circumstances is self-executing and ordinarily operates without the need of a court order. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999).

Because Mack has not appeared in this action, let alone filed an answer or summary judgment motion, Plaintiff's notice of her voluntary dismissal of Mack is self-executing and the fact that other Defendants have appeared and filed answers is of no consequence. See Plains Growers, Inc. By and Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 253-55 (5th Cir. 1973)[1] (in circumstances where one defendant had filed an answer but the defendant who was subject to the voluntary dismissal had not, a "plaintiff is entitled to a dismissal against one defendant under Rule 41(a), even though the action against another defendant would remain pending"); see also Newmont Ghana Gold Ltd. v. Hiller Sys., Inc., 2011 U.S. Dist. LEXIS 72428, at *5-7, 2011 WL 2648598, at *2 (N.D. Fla. July 6, 2011) (the plaintiff's voluntary dismissal of a defendant who had not filed an answer or summary judgment motion was self-executing, and the fact that another defendant had previously filed an answer was of no consequence).

Accordingly, Plaintiff Susan Long's claims against Defendant Huey Hoss Mack are **DISMISSED without prejudice** and the Clerk is **DIRECTED** to terminate Huey Hoss Mack as a Defendant to this action. It follows that Defendant Dakota Morgan's motion to quash Plaintiff

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Susan Long's second alias summons directed to Defendant Huey Hoss Mack (Doc. 58) is **MOOT.**

**ORDERED** this **20th** day of **August, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**